UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS F. MOLTZ

                        Plaintiff,                    Civil Case No. 08-CV-00239

vs.

FIRSTSOURCE ADVANTAGE, LLC

                        Defendant.

**MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

DATED:    Buffalo, New York
                October 30, 2009

Jason A. Botticelli, Esq.                                      COLUCCI & GALLAHER, P.C.
James J. Greco, Esq.                                          *Attorneys for Defendant*
*Of Counsel*                                                      2000 Liberty Building
                                                                                424 Main Street
                                                                                Buffalo, New York  14202
                                                                                (716) 853-4080

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................iii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT................................................................................................................................3

    I.       Firstsource did not violate the TCPA...........................................................................3

            A.       Plaintiff Gave Prior Consent to be Called on
                   His Cellular Phone ...............................................................................3

            B.       Revocation of the Prior Consent Must be in
                   Writing to Stop All Calls .....................................................................4

            C.       Treble Damages are Unwarranted ......................................................6

    II.      Firstsource did not violate the FDCPA............................................................6

CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**DECLARATORY RULING**                                         **PAGE**

FCC Declaratory Ruling, FCC 07-232 (Dec. 28, 2007) .................................................... 1, 3, 5

**CASES**

*Austin v. Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557 (1993) ................................. 8

*Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501 (E.D.Wis. 2006) ..................... 9

*Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255 (D.N.H. 2009) ................................. 7, 8

*Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117 (D.Nev. 2008) ......................... 7

*Leckler*, 2008 WL 5000528 (N.D.Cal 2008) ............................................................................ 5

*Thomas v. Egan*, 1 Fed. Appx. 52, 2001 WL 30667 (C.A.2(N.Y.)) .......................................... 8

*U.S. West Communications, Inc. v. Hamilton*, 224 F.3d 1049 (9th Cir. 2000) ......................... 5

**STATUTES**

15 U.S.C. §1692c(a)(1) ........................................................................................................ 6, 8

15 U.S.C. §1692c(a)(3) ........................................................................................................... 8

15 U.S.C. §1692c(c) ......................................................................................................... 4, 7, 9

15 U.S.C. §1692(d) .............................................................................................................. 6, 7

28 U.S.C. §2342 ...................................................................................................................... 5

47 U.S.C. §227(b)(1)(A)(iii) .................................................................................................... 3

47 U.S.C. §227(b)(3) ............................................................................................................... 6

47 U.S.C. §227(c)(1)-(4) .......................................................................................................... 3

**PRELIMINARY STATEMENT**

Defendant, Firstsource Advantage, LLC ("Firstsource"), submits this Memorandum of Law in opposition to plaintiff's motion for summary judgment.

This action was initiated by plaintiff in the United States District Court, Western District of New York. The Complaint asserts claims alleging violations of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff is now moving for summary judgment on the TCPA claim and partial summary judgment on the FDCPA claim.

It is respectfully submitted that plaintiff's motion should be denied. Pursuant to the TCPA and the December 28, 2007 Declaratory Ruling by the Federal Communications Commission ("FCC"), Firstsource did not violate the TCPA as calls were being made for collection of a legitimate debt using a telephone number provided by plaintiff. In essence, the owner of the telephone consented to the number being called, and there is no case law or statutory backing that plaintiff can verbally withdraw the consent once given. In contrast, the FDCPA calls for a written letter to cease all communication. Plaintiff did not send a written letter in this action.

Based upon the foregoing, plaintiff's motion for summary judgment should be denied in its entirety.

**STATEMENT OF FACTS**

The facts underlying this motion are set forth in the Local Rule 56.1(b) Statement of Facts, dated October 30, 2009.  The Statement of Facts, the Appendix to the Statement of Facts, the Affidavits of Edmund Rogers and Melissa Kotas, and the exhibits attached thereto, are incorporated herein, are made a part of this motion, and will be referenced below as necessary.

## ARGUMENT

### POINT I

### Firstsource did not Violate the TCPA

A.  <u>Plaintiff Gave His Prior Consent to be Called on His Cellular Phone.</u>

Congress enacted the TCPA in an effort to address <u>telephone marketing</u> calls and practices found by Congress to be an invasion of a consumer's privacy. 47 U.S.C. §227(c)(1)-(4). However, the Act does regulate the use of automated telephone equipment. Specifically, 47 U.S.C. §227(b)(1)(A)(iii) prohibits the use of an automated dialing system from calling a cellular telephone absent an emergency purpose or <u>prior consent</u>. As discussed more fully below, plaintiff consented to the calls to his cellular phone.

The FCC, which is the entity charged with enforcing the TCPA and promulgating regulations for the statute, addressed the issue of debt collection efforts made to cellular telephones in its December 28, 2007 Declaratory Ruling. A copy of the FCC Declaratory Ruling is attached to plaintiff's Appendix to Statement of Facts at Exhibit "J". In its Declaratory Ruling, the FCC stated that when the consumer has provided the cellular telephone number in connection with the opening of the account where a transaction has resulted in the debt, that party has consented to any attempt to collect the debt using the cellular telephone number provided. See plaintiff's Appendix to Statement of Facts at Exhibit "J" at pp. 6-7.

Plaintiff alleges that because he does not recall giving his cellular phone number when he activated cable services, he therefore did not consent to being contacted at that number. However, plaintiff did testify that his cellular telephone number was his only number, and he would have given the number if asked.

Pursuant to the Affidavit of Edmund Rogers, the Director of Business Operations for Time Warner, it was common practice and policy for Adelphia Cable and Time Warner to obtain

3

a telephone number and billing address when establishing a cable service account for its subscribers. Neither company would perform their own investigation or research in an attempt to locate a customer's contact information and exclusively used the contact information provided by their customers (Mr. Rogers was disclosed as a potential witness in defendant's Response to Plaintiff's First Set of Interrogatories). According to the Affidavit of Melissa Kotas, a Firstsource dialer manager, Firstsource strictly used the contact information provided by Time Warner in this action and also did not perform its own investigation to find plaintiff's contact information.

Additionally, there is no other way Adelphia/Time Warner or Firstsource could have obtained plaintiff's cellular number without him giving the number. Plaintiff's cellular phone account was in the name of his boss, William J. Patterson. Without plaintiff providing the number, Adelphia/Time Warner or Firstsource would not have been able to connect a number owned by William J. Patterson to plaintiff.

Based upon the above, there is irrefutable proof that plaintiff provided his cellular number when activating his cable account, and thereby consented to its use.

B.   <u>Revocation of the Prior Consent Must be in Writing to Stop All Calls.</u>

Since defendant has provided proof that plaintiff gave prior consent to be called on his cellular phone, the only remaining question regarding the TCPA is whether or not plaintiff can verbally withdraw that consent.

Plaintiff sued this action alleging violations of both the TCPA and FDCPA. In ruling on this case, both statutes apply and must be read together. The TCPA is silent on the revocation issue. However, FDCPA 15 U.S.C. §1692c(c) requires that a debtor submit a request in **writing** that debt collectors stop contacting them. At its core, this is a debt collection case, and the

4

FDCPA requirement should apply. To accept plaintiff's notion that the debtor could verbally request all calls to stop would nullify the clear requirements of the FDCPA.

Plaintiff relies on language in the 1992 TCPA Order in trying to infer that a verbal request to cease collection calls is appropriate and that any calls after the verbal request are in violation of the TCPA. However, this is plaintiff's own interpretation of the 1992 TCPA Order and legislative history of the TCPA. Plaintiff has failed to provide any case law or statutory backing that holds a verbal request to stop all calls must be honored. Indeed, the FCC made its December 28, 2007 Declaratory Ruling for the purpose of clarifying the issue of consent. Nowhere within the 2007 Declaratory Ruling is it mentioned that a verbal request to stop calls must be honored after prior express consent is given.

The Hobbs Act, 28 U.S.C. §2342, places exclusive jurisdiction with the Federal Court of Appeals to "enjoin, set aside, suspend (in whole or in part) or to determine the validity of . . . all final orders of the Federal Communications Commission . . . ." *Leckler,* 2008 WL 5000528 (N.D.Cal. 2008) at p. 3; *citing U.S. West Communications, Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. 2000). The *Leckler* decision is directly on point as it specifically deals with the subject FCC 2007 Declaratory Ruling. The *Leckler* court went on to state, "the FCC's Declaratory Ruling is a 'final order' for the purpose of 28 U.S.C. §2342 because it was the agency's final decision interpreting the 'prior express consent' provision of the TCPA . . . ." *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 4.

As pointed out by the *Leckler* court, if plaintiff wishes to challenge the FCC's ruling on prior express consent, his only remedy is to file a petition for review of the FCC's final order in the Court of Appeals naming the United States as a party. *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 4.

C.  Treble Damages are Unwarranted.

Under 47 U.S.C. §227(b)(3), the Court <u>may</u> award treble damages if it finds that a defendant <u>willfully</u> or <u>knowingly</u> violated the regulations. As set forth above, plaintiff is not entitled to any damages, let alone treble damages.

The evidence demonstrates that plaintiff provided and consented to being contacted on his cellular phone. There is no case law or statutory backing that once given, the consent can be revoked verbally. In contrast the FDCPA provides that a person being called on debt collection can have the calls cease if they request so in writing. Plaintiff never sent a written cease and desist letter in this action.

The clear initial intent of the TCPA was to curtail blind telemarketing practices. While it was later determined to also cover certain debt collection practices as well, it is difficult to imagine that Congress intended the act to punish legitimate debt collectors using phone numbers provided by a debtor in an attempt to collect a debt. Basically, plaintiff received the benefit of the cable services, only provided one number where he could be reached, and is now suing to punish for the legitimate use of that number to collect on the debt owed.

Based upon the foregoing, Firstsource did not violate, knowingly, willfully or otherwise, the TCPA, and plaintiff's motion for summary judgment on the TCPA claim and request for treble damages should be denied in its entirety.

**POINT II**

**Firstsource Did Not Violate the FDCPA**

Plaintiff is moving for partial summary judgment alleging violation of FDCPA 15 U.S.C. §1692(d) and §1692c(a)(1). Unlike many FDCPA cases, there is no issue as to the amount of legitimacy of the debt owed in the instant action. The record reveals that this was a debt owed for cable services activated by plaintiff. There are also no other claims for such common

6

FDCPA violations as abusive/threatening language, calls to plaintiff's place of employment, or calls at unusual times.

The essence of plaintiff's claim is that because calls were made, a violation of the FDCPA exists. While the FDCPA does allow for recovery of calls placed to a debtor's phone for the purpose of attempting to annoy and/or harass the party, there is no proof beyond conclusory allegations that this occurred in this case. In the instant action, the evidence shows that the calls were placed to the subject number in a legitimate attempt to collect a debt.

Plaintiff did verbally request all collection calls to cease. However, pursuant to FDCPA §1692c(c), "Cease and Communication," a debt collector must cease further communication with the consumer if the consumer notifies the debt collector in writing that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communications with the consumer. Plaintiff's analysis that continued calls by defendant without a cease and desist letter constitutes harassment or abuse under §1692(d) of the FDCPA is unreasonable since the statute sets forth the writing requirement.

The cases cited by plaintiff that continued calls after a verbal request that calls stop is a violation of section 1692(d) are distinguishable from the instant case. In *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117 (D.Nev. 2008), there was a written cease and desist letter provided by the debtor. In *Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255 (D.N.H. 2009), approximately 468 collection calls were made, some as late as 9:00 p.m. and after plaintiff informed the callers that it was an inconvenient time. Additionally, on at least two occasions, the callers in *Gilroy* accused plaintiff of being a liar.

In the instant action, plaintiff alleges that between 20 and 22 calls were placed to him following his verbal request that all calls stop. No written request to stop the calls was sent. The 20 to 22 phone calls were spread out between the months of August and December, 2007. The

7

fact scenario in this case is nowhere near the abuses and excessive calls contemplated in the cases cited by plaintiff. Also, as discussed more fully below, plaintiff does not allege, like plaintiff in *Gilroy*, that he made a request that calls stop at certain times he found inconvenient. Rather, plaintiff testified that he demanded all calls to stop.

Plaintiff also alleges there is an issue of fact regarding a violation of 15 U.S.C. §1692c(a)(1). This allegation is based on the claim that plaintiff was inconvenienced and harassed by receiving debt calls on a cellular number he provided for a legitimate debt he owed. Plaintiff did not originally allege this violation in his Complaint and is now barred from alleging it for the first time on summary judgment. *See Thomas v. Egan*, 1 Fed. Appx. 52, 2001 WL 30667 (C.A.2(N.Y.)) (the Second Circuit held a plaintiff could not raise new claims for the first time in opposing summary judgment, and a claim must be set forth in the pleadings to give defendant fair notice of the nature of the claim).

Despite plaintiff's failure to allege this violation in his Complaint, the cases cited by plaintiff in support of this argument are also distinguishable from the instant action. In *Austin v. Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557 (1993), plaintiff received collection calls directly to her work telephone number, and a call was placed to plaintiff's secretary at work following plaintiff's request that she not be contacted at work.

In the instant action, all calls were made to the cellular number provided by plaintiff. No calls were placed directly to his place of employment, and plaintiff did not allege in his Complaint a violation of 15 U.S.C. §1692c(a)(3), which specifically deals with debt collectors directly calling a consumer's place of employment. Additionally, unlike the defendant's collection notes in the *Austin* case, defendant's collection notes in the instant action do not reflect that plaintiff ever requested that he not be called during work hours.

8

The other case cited by plaintiff, *Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501 (E.D.Wis. 2006), concerns a letter sent by a debt collector which allegedly violated the FDCPA. In analyzing that case, the court stated the following:

> Debt collectors must honor a request to cease communications at places of employment and at **inconvenient times and places** even if the requests are made orally and are not written. This is because the statute places on the debt collector the burden of not communicating with the consumer once the debt collector knows or has reason to know that a **particular time and place** are inconvenient for the consumer or that the consumer's employer prohibits the consumer from receiving such communication (emphasis added).

*Brzezinski, supra* at p. 4.

Nowhere within the case is it stated that all communications must cease, just that when it is known that a **particular time and place,** such as a place of employment, are inconvenient for the consumer. The rationale by the court in *Brzezinski* is sound since it limits the calls to particular times and places of inconvenience. The court did not go as far as to state that further calls at other times are a violation of the FDCPA. If this was the case, the written requirement of Section 1692c(c) would not be necessary.

In the instant action, it is not alleged that plaintiff received calls at a particular time and place, such as his employment, after his instruction not to do so. It is merely alleged that plaintiff verbally requested <u>all</u> calls to cease, for which he should have sent a letter pursuant to the written requirement of Section 1692c(c). Even during plaintiff's deposition, he did not testify that he ever informed defendant that he was being inconvenienced since the calls to his cellular number were made while he was working. Rather, he testified that he verbally requested all calls cease.

Based on the foregoing, plaintiff has failed to raise an issue a fact of a violation of the FDCPA, and his motion for partial summary judgment should be denied.

## **CONCLUSION**

Collection activity in this case was made on an account opened by plaintiff to a phone number that was provided by plaintiff. As such, plaintiff gave consent to be contacted at that number. Plaintiff has failed to offer any case law or statutory backing that a verbal request that all calls cease must be honored. In contrast, the FDCPA requires a written cease and desist letter to stop all collection calls. Based upon the foregoing, Firstsource Advantage, LLC respectfully requests an Order denying plaintiff's motion for summary judgment, and granting Firstsource Advantage, LLC's motion for summary judgment dismissing plaintiff's Complaint in its entirety, and granting such other and further relief as this Court deems just and proper.

DATED:   Buffalo, New York
         October 30, 2009

                                        COLUCCI & GALLAHER, P.C.


                                By:    /s/ Jason A. Botticelli
                                       Jason A. Botticelli, Esq.
                                       James J. Greco, Esq.
                                       *Attorneys for Defendant*
                                       2000 Liberty Building, 424 Main Street
                                       Buffalo, New York 14202
                                       (716) 853-4080
                                       jbotticelli@colucci-gallaher.com