UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

THOMAS MOLTZ,

        Plaintiff,

    v.                              Case No. 1:08-cv-0239 WMS-HBS

FIRSTSOURCE ADVANTAGE, LLC,
           Defendant.

———————————————————————

## MEMORANDUM OF LAW IN OPPOSITIN TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## PRELIMINARY STATEMENT

This is a case brought by Plaintiff for damages for Defendant's alleged violations of the

Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.§1692, et seq. and the Telephone

Consumer Protection Act (TCPA) 47 U.S.C.§227, et seq.   Defendant has filed a Motion for

Summary Judgment dismissing this case.  This Memorandum of Law is submitted in opposition

to Defendant's Motion.

## ARGUMENT

**I.**       **THERE PLAIN LANGUAGE OF THE TCPA MAKES IT APPLICABLE TO THIS CASE.**

The Defendant argues that "It is extremely difficult to imagine that Congress intended the

Act to punish legitimate debt collectors utilizing phone numbers provided by a debtor in an

attempt to collect a debt."  By that logic, we might as well abolish the FDCPA; after all, they are

legal debts these debt collectors are attempting to collect, and if they harass people in the

process, so be it.

The Defendant's attempt to interpret Congressional intent, if permitted, is a risky endeavor that could undermine the plain language of almost any statute one might think of.  The plain language of the statute states that the TCPA is applicable to "any call", with exceptions, none of which are applicable here.  If Congress wanted to exempt certain types of calls, such as debt collection calls, they could have easily done so, and have done so with other statutes. (See, for example, 15 U.S.C.§1679a(3), exempting calls made for the purpose of attempting to restructure a debt from the Credit Repair Organization Act, and 15 U.S.C.§1692(a)(3)-(6) exempting calls from creditors, and calls not relating to the collection of a consumer debt from coverage under the Fair Debt Collection Practices Act).

Two different Courts, one in this district, have addressed the argument of Defendant in connection with the TCPA and found it unavailing.  In *Watson v. NCO Group, Inc.,* 462 F.Supp.2d 641 (EDPa. 2006), the Court addressed the argument as follows:

> While it is apparent that the statute was primarily intended to address abusive telemarketing practices, the Court cannot conclude that the TCPA excludes regulation of other types of calls that utilize artificial or prerecorded messages. This determination is predicated on the plain language of the statute.

Id., at 645.

In *Bates v. I.C. System, Inc.*, 2009 WL 3459740 (W.D.N.Y., October 19, 2009), Justice Arcara found that debt collection calls made to a wireless telephone without prior express consent are covered by the TCPA. Id., at *1-2.

As such, based upon the plain language of the TCPA, and the caselaw cited above interpreting same, the TCPA does apply to Defendant's debt collection calls to Plaintiff.

**II.     IS NO EVIDENCE THAT PLAINTIFF GAVE DEFENDANT EXPRESS CONSENT TO BE CALLED ON HIS CELLULAR TELEPHONE**

The TCPA prohibits "any call" leaving a prerecorded message to a cellular telephone unless the called party provided prior "express consent" to be called (not merely consent as argued by Defendant). 47 U.S.C.§227(b)(1)(A).  The Federal Communications Commission, in accordance with the powers delegated to it by Congress, issued a ruling in which it discussed the parameters of term "express consent".  The Commission basically turned the word "express" on its' head, and found that a person who provides a telephone number in connection with, and at the time of an application for goods or services, has provided such express consent to later be called on the account. (See FCC Ruling of December 28, 2007, ¶¶ 9-11 annexed as Exhibit A to Defendant's Memorandum of Law).  In *Leckler v. CashCall, Inc.*, the Court noted that the provision of a telephone number under these circumstances is, at best, implied consent, but the statute requires that such consent be expressly given.  *Leckler v. CashCall, Inc.*, 554 F.Supp.2d 1025, 1028-34 (N.D.Cal., 2008) *vacated at* 2008 WL 5000528 (N.D.Cal., 2008).

Plaintiff acknowledges, however, as later acknowledged by the *Leckler* Court on reconsideration, that the FCC finding in that regard is binding despite the questionable rationale behind it.  *Id.*  However, the FCC ruling is limited in scope.  The presumption of express consent only applies when the called party provides his cellular telephone number at the time he applied for services, and the creditor bears the burden of proving that. (FCC Ruling of December 28, 2007, ¶¶ 9-11).

In this case, the Defendant has provided no evidence that Plaintiff provided his cellular telephone number was provided by him at the time he applied for services.  The affidavit of Mr. Rogers never makes such an assertion.  It merely states that Mr. Moltz provided the number to them, but does not state when that was done.  The Defendant is left to summarily argue that

Plaintiff "would have given the number if asked."  This assumes that he was, in fact, asked, and

that he willingly provided his number at that time.  No evidence exists supporting those

assertions.  It is submitted that this sort of flimsy evidence, if such speculation can even be called

evidence, is insufficient to establish that Plaintiff provided his telephone number when he

applied for services.

If one assumes that Mr. Moltz gave his telephone number to Time Warner at some point,

though not at the time he applied for services, the presumption of the FCC Ruling would not

apply.  The analysis would then be to determine whether Mr. Moltz's provision of his telephone

number at some point in time evidenced his "express consent" to be called on his cellular

telephone.  As noted by the *Leckler* Court, the simple provision of a telephone number is, at best,

implied consent to be called. *Leckler v. CashCall, Inc.*, 554 F.Supp.2d 1025, 1028-34 (N.D.Cal.,

2008).  As such, it is submitted that the Defendant has not met their burden of proving express

consent was given.

## II.     EVEN IF IT WERE FOUND THAT PLAINTIFF PROVIDED EXPRESS CONSENT TO BE CALLED, SAID CONSENT WAS REVOKED

As noted above, there is an exemption from TCPA liability if the calls are made with the

"prior express consent of the called party". 47 U.S.C.§227(b)(1)(A).  The FCC has ruled that a

person who provides a cellular telephone number in connection with an application for credit has

provided express consent to be called regarding the debt. (See 2007 FCC Ruling annexed as

Exhibit A to Defendant's Memorandum of Law).

There is nothing in the TCPA, its' regulations or rulings that suggest that giving a

creditor authorization to call a telephone number is an authorization to call that number for life.

In fact, paragraph 9 of the 2007 ruling attached to Defendant's motion papers states as follows:

In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, *absent instructions to the contrary*." The legislative history in the TCPA provides support for this interpretation. (Emphasis added).

It is, therefore, submitted that a consumer may revoke their consent to be called on a cellular telephone at any time.

It is undisputed that the Plaintiff revoked any consent to be called on his cellular telephone that may have been given prior to Firstsource's collection activity on at least two occasions.  This is confirmed by the deposition testimony of Mr. Moltz, and Firstsource's own collection records. (DSMF, ¶¶ 19-21).  It is submitted that all of the calls made after such revocation were violations of the TCPA.

## III.  THERE IS NO REQUIREMENT UNDER THE TCPA THAT A REVOCATION OF CONSENT BE IN WRITING

Citing §1692c(c) *of the FDCPA*, the Defendant argues that the revocation of consent must be in writing.  However, this actually strengthens Plaintiff's argument that such a request need not be in writing under the TCPA.  §1692c(c) of the FDCPA demonstrates that Congress fully considers and knows how to legislate a requirement that an act be done in writing.  The lack of a requirement that revocation of consent be made in writing in the TCPA suggests that Congress chose, for reasons they must have felt to be important, not to impose such a requirement.

## IV.  THERE ARE MATERIAL ISSUES OF FACT RELATIVE TO PLAINTIFF'S FDCPA CLAIMS

It is undisputed that Plaintiff specifically asked the Defendant on two occasions to stop calling him.  The Defendant did not honor this request, and called Plaintiff using voice recorded messages multiple times thereafter. (DSMF, ¶¶ 19-21).

### A.      A JURY MUST DECIDE IF PLAINTIFF HAS ESTABLISHED A VIOLATION OF THE FDCPA UNDER 1692d and d(5)

Plaintiff contends that Defendant's continuation of telephone calls to Plaintiff after his request that he not be called again constituted a violation of the FDCPA.  Defendant response to this claim is that 1692c(c) requires that a request to cease and desist communications must be in writing.

That is true under 1692c(c).  However, the Defendant's conduct implicates other provisions of the FDCPA.

15 U.S.C.§1692d states in relevant part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Several cases have found that telephone calls made to a person after a request that no further calls be made creates an issue for a jury as to whether there has been a violation of 1692d. *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1123-24 (D.Nev., 2008); *Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255* 3-4 (D.N.H., 2009).  In this case, the Defendant called the Plaintiff multiple times after his oral requests that they stop calling him.  It is submitted that these facts present a jury question as to whether there has been a violation of 1692d and 1692d(5).

15 U.S.C.§1692c(a)(1) provides in relevant part:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

**(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

The Plaintiff has sworn that he found Defendant's calls to her cellular telephone inconvenient to him, as well as harassing. (Affidavit of Thomas Moltz, ¶¶ 4-7).  It is self-evident that a person would find it inconvenient to have his day frequently interrupted by the calls, and because he was charged for the calls.  Several cases have found the fact pattern existing in this case to present, at minimum, a jury issue under 1692c(a)(1). *Austin v. Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557, 559 (1993); *Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501*4-5 (E.D.Wis., 2006).

## CONCLUSION

By reason of the foregoing, Defendants Summary Judgment motion should be denied in all respects.  .

Dated:  October 30, 2009

/s/Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com