UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS F. MOLTZ

                Plaintiff,                Civil Case No. 08-CV-00239

vs.

FIRSTSOURCE ADVANTAGE, LLC

                Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DATED:    Buffalo, New York
                November 13, 2009

Jason A. Botticelli, Esq.                  COLUCCI & GALLAHER, P.C.
James J. Greco, Esq.                       *Attorneys for Defendant*
*Of Counsel*                                        2000 Liberty Building
                                                      424 Main Street
                                                      Buffalo, New York 14202
                                                      (716) 853-4080

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................iii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT............................................................................................................................2

    I.    Plaintiff has Failed to Raise a Question of Fact Regarding a Violation of the TCPA............................................................................................2

        A.    Prior Consent ..............................................................................................2

        B.    Revocation of Consent................................................................................4

    II.    Plaintiff has Failed to Raise a Question of Fact Regarding a Violation of the FDCPA ..........................................................................................5

        A.    15 U.S.C. §1692(d) ....................................................................................6

        B.    15 U.S.C. §1692c(a)(1) ..............................................................................7

CONCLUSION........................................................................................................................10

# TABLE OF AUTHORITIES

**DECLARATORY RULING**   **PAGE**

FCC Declaratory Ruling, FCC 07-232 (Dec. 28, 2007) ...................................................... 3, 4, 5

**CASES**

*Austin v. Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557 (1993) ............................... 7, 8

*Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501 (E.D.Wis. 2006) ..................... 8

*Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255 (D.N.H. 2009) ........................................ 7

*Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117 (D.Nev. 2008) ........................... 6

*Leckler v. Cash Call*, 554 F.Supp.2d 1025 (N.D.Cal. 2008) ...................................................... 3

*Leckler v. Cash Call*, 2008 WL 5000528 (N.D.Cal 2008) ...................................................... 3, 4

*Thomas v. Egan*, 1 Fed. Appx. 52, 2001 WL 30667 (C.A.2(N.Y.)) ............................................ 7

*U.S. West Communications, Inc. v. Hamilton*, 224 F.3d 1049 (9th Cir. 2000) ........................... 4

**STATUTES**

15 U.S.C. §1692c(a)(1) ................................................................................................................ 7

15 U.S.C. §1692c(a)(3) ................................................................................................................ 8

15 U.S.C. §1692c(c) ............................................................................................................. 5, 6, 9

15 U.S.C. §1692(d) ................................................................................................................... 5, 6

28 U.S.C. §2342 ....................................................................................................................... 3, 4

47 U.S.C. §227(b)(1)(A) .............................................................................................................. 2

**HOUSE REPORTS**

House Report, 102-317, First Sess., 122nd Cong. (1991) ............................................................ 4

## **PRELIMINARY STATEMENT**

Defendant, Firstsource Advantage, LLC ("Firstsource"), submits this Reply Memorandum of Law in further support of its motion for summary judgment dismissing plaintiff's Complaint in its entirety. As explained more fully below, plaintiff fails to raise a question of fact regarding a violation of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA") in opposition to defendant's motion for summary judgment. Therefore, an Order granting defendant's motion for summary judgment dismissing plaintiff's Complaint is warranted.

## ARGUMENT

### POINT I

### Plaintiff has Failed to Raise a Question of Fact Regarding a Violation of the TCPA

Despite plaintiff's argument to the contrary, defendant is not arguing that the TCPA does not apply to debt collection calls. Rather, defendant points out that the main emphasis behind the creation of the TCPA was to curtail blind telemarketing practices. Defendant's argument is that while the TCPA evolved to cover debt collection calls using automated dialers, defendant did not violate the TCPA. Plaintiff gave his consent to be called on his cellular phone, and there is no case law or statutory backing that once given, the consent can be verbally revoked.

**A.   Prior Consent**

47 U.S.C. §227(b)(1)(A) of the TCPA allows for the use of automated dialers to call cell phones if prior consent is given. That is the exact fact scenario in the instant action.

Both Adelphia and Time Warner would obtain contact information, including a phone number, when signing up a subscriber for cable. Plaintiff testified that he could not specifically recall giving his cellular phone number when he opened his cable account, but his cellular number was his only phone number, and he would have given that number if asked. As Adelphia/Time Warner and Firstsource did not conduct any investigation to obtain the subject phone number, the only way they would have received the number was through plaintiff. This is even more evident based on the fact that plaintiff's cellular phone number was in the name of his boss, William J. Patterson. Without plaintiff providing the number, Adelphia/Time Warner and Firstsource would not have been able to connect a number owned by William J. Patterson to plaintiff. Plaintiff completely ignores this fact in arguing that defendant has not offered proof of plaintiff providing the subject phone number.

2

Pursuant to plaintiff's incorrect interpretation of the FCC's December 28, 2007 Declaratory Ruling, a party can only consent to being called when he has provided a number when <u>opening</u> an account. Therefore, plaintiff would have this Court rule that a client does not consent to being called on a phone number they provide <u>after</u> the account is opened. Basically, a company could not use any number given to them by their client other than the original number provided. Such a standard is completely unreasonable and, as discussed below, not supported by either case law or the Declaratory Ruling by the FCC.

Plaintiff attempts to use the analysis regarding "express consent" and "implied consent" from the case of *Leckler v. Cash Call*, 554 F.Supp.2d 1025 (N.D.Cal. 2008), even after acknowledging the court vacated its decision on the grounds that it did not have authority to review the FCC's Declaratory Ruling. The *Leckler* court decision vacating its prior ruling states:

> The FCC ruled that such autodialed and pre-recorded message calls to wireless numbers do not violate the TCPA when the called party provided the number to a creditor **in connection with an existing debt.** See FCC Declaratory Ruling, FCC 07-232(Dec) 28, 2007 (emphasis added).

*Leckler v. Cash Call*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 2.

Therefore, according to the FCC's Declaratory Ruling, it does not matter when, as argued by plaintiff, the number was given, just that it was given in connection with the account. This is the only rational reading of the TCPA, since clearly a company can use updated contact information for ongoing business purposes.

Plaintiff suggests this Court use the same analysis regarding "express consent" as set forth in the vacated *Leckler* decision. However, as set forth by the *Leckler* court when it vacated its prior decision, the *Hobbs Act*, 28 U.S.C. §2342, places exclusive jurisdiction with the Federal Court of Appeals to "enjoin, set aside, suspend (in whole or in part) or to determine the validity

3

of . . . all final orders of the Federal Communications Commission . . . ." *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 3; *citing U.S. West Communications, Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. 2000). The *Leckler* court went on to state, "the FCC's Declaratory Ruling is a 'final order' for the purpose of 28 U.S.C. §2342 because it was the agency's final decision interpreting the 'prior express consent' provision of the TCPA . . . ." *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 4.

As pointed out by the *Leckler* court, if plaintiff wishes to challenge the FCC's ruling on prior express consent, his only remedy is to file a petition for review of the FCC's final order in the Court of Appeals naming the United States as a party. *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 4.

The FCC's Declaratory Ruling regarding prior consent being given when the number is provided to a creditor in connection with an **existing** debt is in accordance with the legislative history of the TCPA. Within the House Report, it is stated:

> The committee did not attempt to define precisely the form in which express permission or invitation must be given, but did not see a compelling need for such consent to be in written form. House Report, 102-317, First Sess., 122nd Cong. (1991) at p. 13.

Based upon the foregoing, pursuant to the TCPA and FCC Declaratory Ruling, it does not matter when the called party provides the number, just that it was provided in connection with an existing debt. Defendant has offered evidence that plaintiff provided his cellular phone number in connection with his cable account. Therefore, defendant has established that plaintiff did provide "express consent" to be called on his cellular phone.

**B.** **Revocation of Consent**

Plaintiff never revoked his previously-given consent to be called on his cellular phone as he failed to put the revocation in writing.

4

Plaintiff sued this action alleging violations of both the TCPA and FDCPA. In ruling on this case, both statutes apply and must be read together. The TCPA is silent on the issue of revocation. However, FDCPA 15 U.S.C. §1692c(c) requires that a debtor submit a request **in writing** that debt collectors stop contacting them. At its core, this is a debt collection case, and the FDCPA requirement should apply. To accept plaintiff's notion that the debtor could verbally request all calls to stop would nullify the clear requirements of the FDCPA.

Plaintiff relies on language in the 1992 TCPA Order in trying to infer that a verbal request to cease collection calls is appropriate and that any calls after the verbal request are in violation of the TCPA. However, this is plaintiff's own interpretation of the 1992 TCPA Order and legislative history of the TCPA. Plaintiff has failed to provide any case law or statutory backing that holds a verbal request to stop all calls must be honored. Indeed, the FCC made its December 28, 2007 Declaratory Ruling for the purpose of clarifying the issue of consent. Nowhere within the 2007 Declaratory Ruling is it mentioned that a verbal request to stop calls must be honored after prior express consent is given.

The TCPA and FDCPA when read together do not contradict each other, and there is nothing within the TCPA statute that would block the writing requirement of the FDCPA.

Based upon the foregoing, the evidence demonstrates that Firstsource did not violate the TCPA in that plaintiff had consented to the calls and did not provide a written request to stop the calls.

## POINT II

### Plaintiff has Failed to Raise a Question of Fact
### Regarding a Violation of the FDCPA

In his opposition to defendant's motion for summary judgment, plaintiff cites 15 U.S.C. §1692(d) and 15 U.S.C. §1692(c)(a)(1). As discussed more fully below, plaintiff did not

originally allege a violation of §1692(c)(a)(1) and is, therefore, barred from alleging it for the first time on summary judgment. Furthermore, plaintiff has failed to raise an issue of fact under either section of the FDCPA that would warrant denial of defendant's motion for summary judgment.

Unlike many FDCPA cases, there is no issue as to the amount or legitimacy of the debt owed in the instant action. The record reveals that this was a debt owed for cable services activated by plaintiff. There are also no other claims for such common FDCPA violations as abusive/threatening language, calls to plaintiff's place of employment, or calls at unusual times.

The essence of plaintiff's claim is that because calls were made, a violation of the FDCPA exists. While the FDCPA does allow for recovery of calls placed to a debtor's phone for the purpose of attempting to annoy and/or harass the party, there is no proof beyond conclusory allegations that this occurred in this case. In the instant action, the evidence shows that the calls were placed to the subject number in a legitimate attempt to collect a debt.

A.   <u>15 U.S.C. §1692(d)</u>

Plaintiff did verbally request all collection calls to cease. However, pursuant to FDCPA §1692c(c), "Ceasing Communication," a debt collector must cease further communication with the consumer if the consumer notifies the debt collector in writing that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communications with the consumer. Plaintiff's analysis that continued calls by defendant without a cease and desist letter constitutes harassment or abuse under §1692(d) of the FDCPA is unreasonable since the statute sets forth the writing requirement.

The cases cited by plaintiff that continued calls after a verbal request that calls stop is a violation of section 1692(d) are distinguishable from the instant case. In *Kerwin v. Remittance*

6

*Assistance Corp.*, 559 F.Supp.2d 1117 (D.Nev. 2008), there was a written cease and desist letter provided by the debtor. In *Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255 (D.N.H. 2009), approximately 468 collection calls were made, some as late as 9:00 p.m. and after plaintiff informed the callers that it was an inconvenient time. Additionally, on at least two occasions, the callers in *Gilroy* accused plaintiff of being a liar.

In the instant action, plaintiff alleges that between 20 and 22 calls were placed to him following his verbal request that all calls stop. No written request to stop the calls was sent. The 20 to 22 phone calls were spread out between four months, August through December, 2007. The fact scenario in this case is nowhere near the abuses and excessive calls contemplated in the cases cited by plaintiff. Also, as discussed more fully below, plaintiff does not allege, like plaintiff in *Gilroy*, that he made a request that calls stop at certain times he found inconvenient. Rather, plaintiff testified that he demanded all calls to stop.

B.   <u>15 U.S.C. §1692c(a)(1)</u>

Plaintiff also alleges there is an issue of fact regarding a violation of 15 U.S.C. §1692c(a)(1). This allegation is based on the claim that plaintiff was inconvenienced and harassed by receiving debt calls on a cellular number he provided for a legitimate debt he owed. Plaintiff did not originally allege this violation in his Complaint and is now barred from alleging it for the first time on summary judgment. *See Thomas v. Egan*, 1 Fed. Appx. 52, 2001 WL 30667 (C.A.2(N.Y.)) (the Second Circuit held a plaintiff could not raise new claims for the first time in opposing summary judgment, and a claim must be set forth in the pleadings to give defendant fair notice of the nature of the claim).

Despite plaintiff's failure to allege this violation in his Complaint, the cases cited by plaintiff in support of this argument are also distinguishable from the instant action. In *Austin v.*

*Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557 (1993), plaintiff received collection calls directly to her work telephone number, and a call was placed to plaintiff's secretary at work following plaintiff's request that she not be contacted at work.

In the instant action, all calls were made to the cellular number provided by plaintiff. No calls were placed directly to his place of employment, and plaintiff did not allege in his Complaint a violation of 15 U.S.C. §1692c(a)(3), which specifically deals with debt collectors directly calling a consumer's place of employment. Additionally, unlike the defendant's collection notes in the *Austin* case, defendant's collection notes in the instant action do not reflect that plaintiff ever requested that he not be called during work hours.

The other case cited by plaintiff, *Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501 (E.D.Wis. 2006), concerns a letter sent by a debt collector which allegedly violated the FDCPA. In analyzing that case, the court stated the following:

> Debt collectors must honor a request to cease communications at places of employment and at **inconvenient times and places** even if the requests are made orally and are not written. This is because the statute places on the debt collector the burden of not communicating with the consumer once the debt collector knows or has reason to know that a **particular time and place** are inconvenient for the consumer or that the consumer's employer prohibits the consumer from receiving such communication (emphasis added).

*Brzezinski, supra* at p. 4.

Nowhere within the case is it stated that <u>**all**</u> communications must cease, just that when it is known that a **particular time and place,** such as a place of employment, are inconvenient for the consumer. The rationale by the court in *Brzezinski* is sound since it limits the calls to particular times and places of inconvenience. The court did not go as far as to state that further

8

calls at other times are a violation of the FDCPA. If this was the case, the written requirement of Section 1692c(c) would not be necessary.

In the instant action, it is not alleged that plaintiff received calls at a particular time and place, such as his employment, after his instruction not to do so. It is merely alleged that plaintiff verbally requested <u>all</u> calls to cease, for which he should have sent a letter pursuant to the written requirement of Section 1692c(c). Even during plaintiff's deposition, he did not testify that he ever informed defendant that he was being inconvenienced since the calls to his cellular number were made while he was working. Rather, he testified that he verbally requested all calls cease.

Based on the foregoing, plaintiff has failed to raise an issue a fact of a violation of the FDCPA, and defendant's motion for summary judgment should be granted.

## CONCLUSION

Plaintiff has failed to raise issues of fact that would deny the Court granting defendant's motion for summary judgment as a matter of law. Collection activity in this case was made to a phone number that was provided by plaintiff. As such, plaintiff gave consent to be contacted at that number. Plaintiff never provided a written request that the calls cease pursuant to the FDCPA requirement to stop all collection calls. Based upon the foregoing, Firstsource Advantage, LLC respectfully requests an Order granting its motion for summary judgment dismissing plaintiff's Complaint in its entirety, and granting such other and further relief as this Court deems just and proper.

DATED:   Buffalo, New York
         November 13, 2009

                              COLUCCI & GALLAHER, P.C.

                       By:    /s/ Jason A. Botticelli
                              Jason A. Botticelli, Esq.
                              James J. Greco, Esq.
                              *Attorneys for Defendant*
                              2000 Liberty Building, 424 Main Street
                              Buffalo, New York 14202
                              (716) 853-4080
                              jbotticelli@colucci-gallaher.com