UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS F. MOLTZ,

                                              Plaintiff,

     v.                                        **DECISION AND ORDER**
                                                                08-CV-239S

FIRSTSOURCE ADVANTAGE, LLC,

                                              Defendant.

## I. INTRODUCTION

In this case, Plaintiff Thomas F. Moltz alleges that Defendant, Firstsouce Advantage, LLC ("Firstsource"), violated his rights under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff alleges that Defendant violated the FDCPA by repeatedly calling his cellular telephone with the intent to annoy, abuse, and harass him, and violated the TCPA by initiating telephone calls to his cellular telephone and using an artificial or prerecorded voice to deliver messages without his consent.

Currently before this Court are Plaintiff and Defendant's cross Motions for Summary Judgment. (Docket Nos. 22, 23.) For the following reasons, Plaintiff's motion is denied and Defendant's motion is granted in part and denied in part.

## II. BACKGROUND

### A. Facts

The following facts are not in dispute. Plaintiff defaulted on a cable bill for service he had with Time Warner Cable. (Plaintiff's Stmt. ¶¶ 1, 2.) In July 2007, Time Warner turned Plaintiff's file over to Firstsource, after several unsuccessful internal attempts to

collect Plaintiff's defaulted account. (Def.'s Stmt. ¶¶ 5, 8.) In its efforts to collect the debt, Firstsource called a telephone number for Plaintiff provided to it by Time Warner, which happened to be for Plaintiff's cellular telephone. (Def.'s Stmt. ¶¶ 10, 11.) Plaintiff obtained his cellular telephone service through his boss, and the account for cellular services was in his boss's name. (Def.'s Stmt. ¶ 13, Def.'s Ex. D.) This cellular phone was Plaintiff's only telephone during the relevant time period. (Def.'s Ex. D.)

After Plaintiff received several calls, he contacted Firstsource and stated that he did not owe any money and did not want to be called again. (Def.'s Stmt. ¶¶ 19, 20, 21.) Nonetheless, Firstsource continued calling Plaintiff. (Plaintiff's Stmt. ¶¶ 17, 19.) Plaintiff never sent Firstsource a written request to cease the calls. (Def.'s Stmt. ¶ 22.) Firstsouce closed the collection account on December 10, 2007, without collecting Plaintiff's debt. (Def.'s Stmt. ¶ 23.)

Plaintiff and Defendant dispute how Time Warner initially procured Plaintiff's cellular telephone number. Time Warner asserts that it was common practice for it to obtain a telephone number from a customer when opening an account for services, and therefore, that the contact information used by Time Warner for collection efforts would most likely have been provided by Plaintiff. (Def.'s Stmt. ¶¶ 4, 6.) In his deposition, however, Plaintiff stated that he did not recall providing Time Warner with his telephone number, but that if asked for a telephone number, he typically provided the number for his cellular telephone. (Def.'s Ex. D.)

### B. Procedural History

Plaintiff commenced this action on March 20, 2008, by filing a complaint in the United States District Court for the Western District of New York.

On September 30, 2009, Defendant filed a Motion for Summary Judgment on all

2

claims pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Plaintiff cross filed a Motion for Partial Summary Judgment on all claims for liability only.

### III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).

But a "mere scintilla of evidence" in favor of the nonmoving party will not defeat summary judgment. Anderson, 477 U.S. at 252. A nonmoving party must do more than cast a "metaphysical doubt" as to the material facts; it must "offer some hard evidence showing that its version of the events is not wholly fanciful." Matsushita Elec. Indus. Co.

3

v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998).  That is, there must be evidence from which the jury could reasonably find for the nonmoving party.  Anderson, 477 U.S. at 252.

    **B.    Alleged Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."  Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting 15 U.S.C. §1692(e)).  A single violation of any provision of 15 U.S.C. §1692 is sufficient to establish civil liability.  Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

    **1.    15 U.S.C. § § 1692d, 1692d(5)**

In his complaint, Plaintiff maintains that Defendant violated both 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing his telephone to ring with the intent to annoy, abuse, and harass.  Section 1692d precludes a debt collector from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  More specifically, § 1692d(5) prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  The intent to abuse or harass may be inferred from the frequency of the calls, the substance of the calls, or the place to which the calls are made.  Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008).

Plaintiff contends that he is entitled to summary judgment on his FDCPA claim because Defendant violated these sections as a matter of law by calling him approximately

4

25 times after he verbally requested that the calls stop. (Plaintiff's Stmt. ¶¶ 15, 17, 18.)

Defendant argues that summary judgment is precluded for Plaintiff because he failed to file a written request to stop the calls. Defendant argues that it is entitled to summary judgment because all calls were made for the legitimate collection of a debt, and Plaintiff has made only conclusory allegations that the calls were made with the intent to annoy or harass.

Defendant is correct that written notice is required to stop the calls. Section 1692c(c) provides that if a consumer notifies the debt collector *in writing* that the consumer refuses to pay the debt or wishes the debt collector to cease further communications with the consumer, the debt collector shall not communicate further with respect to such debt. 15 U.S.C. § 1692c(c) (emphasis added). It is uncontested that Plaintiff never submitted a written request for the calls to stop. His verbal request that the calls stop is ineffective under the statute, and therefore is not a basis to grant summary judgment in Plaintiff's favor. Neither is it a basis to grant summary judgment in Defendant's favor, however, because the lack of a written request does not preclude a finding that the calls violated the FDCPA. See Bingham v. Collection Bureau Inc. 505 F. Supp. 864, 873 (D.N.D. 1981) (finding harassment violating § 1692d(5) even though plaintiffs made a verbal request for the calls to stop days after the conduct constituting harassment occurred).

Plaintiff cites Gilroy v. Ameriquest Mortg. Co., 632 F. Supp. 2d 132 (D.N.H. 2009), to support his assertion that the number of calls alone demonstrate Defendant's intent to harass or annoy. In Gilroy, the plaintiff received a total of 468 calls, sometimes as many as three calls per night up to three nights a week. Gilroy, 632 F.Supp.2d at 135. The court held that the calls, 200 of which defendants made after the plaintiff told them to stop calling her, were harassing as a matter of law. Id. at 137. In this case, Plaintiff received

5

approximately 30 calls over a six-month period, 25 of which were made after he requested Defendant stop calling. Defendant's conduct in the present case does not approach the extreme actions in Gilroy, and this Court therefore cannot rule that Defendant's conduct violated 15 U.S.C. § 1692d as a matter of law.

Some district courts, however, have found intentional harassment when a collector immediately recalled a debtor. Chiverton v. Fed. Fin. Grp, Inc., 399 F. Supp. 2d 96, 101 (D.Conn 2005) (finding defendant violated § 1692d(5) by repeatedly calling plaintiff back after he hung up); Kuhn v. Account Control Tech., 865 F. Supp. 1443, 1452-53 (D.Nev. 1994) (finding defendant violated § 1692d(5) by recalling plaintiff two additional times within a five minute period after plaintiff hung up); Bingham, 865 F. Supp. at 873 (finding harassment violating § 1692d(5) when debt collector immediately recalled debtor after debtor hung up on debt collector). Plaintiff maintains that Defendant called him two minutes after he verbally requested that the calls stop. Defendant maintains that this call was made in a legitimate attempt to collect a debt. A jury must determine the motivation behind this call and whether it violated the FDCPA. Consequently, neither party is entitled to summary judgment on Plaintiff's §§ 1692d and 1692d(5) claims.

### 2. 15 U.S.C. § 1692c(a)(1)

In his motion in support of summary judgment, Plaintiff alleges that he is entitled to summary judgment because Defendant violated §1692c(a)(1).[1] Plaintiff argues that because Defendant called his cellular phone during work hours, it is self-evident that the calls were inconvenient and therefore violated 15 U.S.C. §1692c(a)(1) as a matter of law.

Defendant argues that it is entitled to summary judgment because Plaintiff never

---

[1] Consideration of Plaintiff's § 1692c(a)(1) claim is permitted under Rule 54(c) of the Federal Rules of Civil Procedure which states that, other than in a default judgment, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

told Defendant that the calls occurred at an inconvenient time or place.

Absent prior consent of the consumer, § 1692c(a)(1) of the FDCPA prohibits a debt collector from communicating in connection with the collection of any debt at any unusual place or a time or place known or which should be known to be inconvenient to the consumer. E.g., Gilroy, 632 F. Supp. 2d at 137 (finding intent to harass could be inferred when calls were made after 8:00 p.m. and plaintiff had notified debt collector that it was an inconvenient time); Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557, 559 (D. Conn. 1993) (granting plaintiff's motion for summary judgment upon finding willful disregard of 15 U.S.C. § 1692c(a)(1) when defendant continued to call plaintiff at her known workplace after plaintiff informed defendant that the calls were inconvenient).

Here, it is uncontested that Plaintiff merely told Defendant not to call him at all. There is no evidence that Plaintiff specifically notified Defendant that the collection calls were at an inconvenient time or that he was being reached at work. Nor were the calls placed at a time that would be considered per se unreasonable. E.g., 15 U.S.C. § 1692c(a)(1) ("in absence to knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location"). Although Plaintiff may have found these calls inconvenient, there is no evidence that he ever informed Defendant of this and the calls were not presumptively inconvenient under § 1692c(a)(1). Therefore, Defendant is entitled to summary judgment on the § 1692c(a)(1) claim.

### C. Alleged Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

Plaintiff alleges that he is entitled to summary judgment on his TCPA claim because Defendant violated the TCPA by calling his cellular telephone and using a prerecorded

voice to deliver messages. Plaintiff asserts that each of the 25 calls where Defendant used prerecorded voice messages expose the Defendant to liability under the TCPA. Plaintiff further asserts that all calls to his cellular telephone number should have ceased after he verbally requested that he not be called further. Finally, Plaintiff argues that because Defendant continued to call, its TCPA violations were willful and Plaintiff's damages should be trebled.

Defendant argues that it is entitled to summary judgment on Plaintiff's TCPA claim because Plaintiff provided his cellular telephone number to Time Warner and therefore Defendant had Plaintiff's prior express consent to call him. Defendant further argues that Plaintiff never successfully revoked that consent because Plaintiff never made a written request for the calls to stop. Finally, Defendant argues that treble damages are unwarranted because it did not willfully or knowingly violate the TCPA.

"On December 20, 1991, Congress enacted the TCPA, as codified in section 227 of the Communications Act of 1934, as amended, in an effort to address a growing number of telephone marketing calls and certain telemarketing practices Congress found to be an invasion of consumer privacy." FCC 07-232 Declaratory Ruling, p.1 (Dkt. No. 22-14). The TCPA regulates the use of automated telephone equipment and more specifically, 47 U.S.C. § 227(b)(1)(A) prohibits the use of any automatic telephone dialing system to call any telephone number assigned to a cellular telephone service absent an emergency purpose or the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii).

In a 2007 Declaratory Ruling, the Federal Communications Commission, the agency responsible for enforcing the TCPA, clarified that "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing." FCC 07-232 Declaratory Ruling, p.7 (Dkt. No. 22-14). Consequently, the FCC determined that

autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible, if made with the "prior express consent" of the called party.  Id. at 1.  The Ruling states that prior express consent is deemed to be granted only if the cellular telephone number was provided by the consumer to the creditor during the transaction that resulted in the debt owed.  Id. at 6-7.  The Creditor bears the burden of demonstrating that the consumer provided prior express consent.  Id. at 7.

In the instant case, an issue of material fact exists as to whether Plaintiff provided Defendant with prior express consent to call his cellular phone.  It was allegedly Time Warner's common practice to obtain a telephone number from the customer at the time of initiating service, but Plaintiff does not remember providing his cellular phone number to Time Warner.  He admits, however, that he had no other telephone number at the time, and generally provided his cellular number if asked.  Whether Plaintiff gave Time Warner his cellular number is a factual issue that the jury must resolve.

Additionally, Plaintiff asserts that, under the TCPA, Defendant's calls should have stopped after his verbal request.  In a closely analogous case in this district, the court found that for alleged violations of both the FDCPA and TCPA, the facts of the case and whether the calls were made for the purpose of debt collection or telemarketing, determines whether the provisions of the FDCPA or the TCPA are relevant in deciding issues regarding revocation of prior express consent.  <u>Starkey v. Firstsource Advantage, L.L.C.</u>, No. 07-CV-662A(Sr), 2010 WL 2541756, at *6 (W.D.N.Y. Mar. 11, 2010).  In <u>Starkey</u>, the court determined that the case was primarily a debt collection dispute, and therefore the provisions of the FDCPA (not the TCPA) governed.  <u>Id.</u> (finding that written notice under the FDCPA was required to cease the debt collection calls).

Here, it is undisputed that Plaintiff defaulted on a bill for cable television services, and that Firstsource called Plaintiff for the purpose of collecting that debt. This is therefore a debt collection dispute. As such, the FDCPA overrides the TCPA, and Defendants cannot be held liable for failing to honor Plaintiff's verbal request for the calls to stop when the FDCPA requires a written request. See Starkey, 2010 WL 2541756, at *6. Consequently, Defendant is entitled to summary judgment on Plaintiff's TCPA claim that it failed to honor his verbal request.

Finally, whether Defendant violated the TCPA by calling Plaintiff's cellular phone and using a prerecorded voice to deliver messages, hinges on whether Defendant had the prior express consent of Plaintiff to call his cellular telephone number. If it did, Defendant cannot be held liable under the TCPA because the FDCPA permits such calls on consent. See FCC 07-232 Declaratory Ruling, p.1 (Dkt. No. 22-14). If it did not, Defendant may have violated the TCPA. The jury must determine whether Defendant obtained Plaintiff's prior express consent. Summary judgment on this claim is therefore precluded for both parties.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is granted in part and denied in part and Plaintiff's Motion for Summary Judgment is denied. The following claims remain for trial: (1) Plaintiff's FDCPA claim that Defendant violated § 1692d and § 1692d(5); and (2) Plaintiff's claim that Defendant violated the TCPA by leaving prerecorded voice messages on his cellular telephone without his prior express consent.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket

No. 22) is granted in part and denied in part.

FURTHER, that Plaintiff's Motion for Partial Summary Judgment (Docket No. 23) is denied.

FURTHER, that counsel shall appear before this Court on September 14, 2011, at 9:00 a.m. to discuss how this case will proceed.

SO ORDERED.

Dated:  August 1, 2011
        Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            Chief Judge
                                            United States District Court